**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| MARGARITA TRIBBLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 2:09-cv-250-WTL-WGH |
| | ) | |
| ALSTOM POWER, INC., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**Entry Discussing Motion to Amend or Alter Judgment**

On April 25, 2011, the court granted the defendants' motion for summary judgment and issued final judgment in this employment discrimination case. On May 3, 2011, the plaintiff filed a request for corrections to the summary judgment and relief from the assessed costs. As explained in the Entry of July 18, 2011, the plaintiff's post-judgment motion is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. The defendants have opposed the plaintiff's motion. For the reasons explained herein, the motion to alter or amend [54] is **granted in part and denied in part.**

The court is authorized to amend a judgment pursuant to Rule 59(e) only if the movant shows a manifest error of law or fact or presents newly discovered evidence. *Abcarian v. McDonald*, 617 F.3d 931, 943 (7th Cir. 2010). The plaintiff has submitted seven pages of allegations of what transpired during her employment at Alstom. Much of what she has presented is repetitive of what she filed in opposition to the defendants' motion for summary judgment. She also presents some new details not previously alleged. What she has not submitted, however, is any "newly discovered evidence."

In its ruling on the motion for summary judgment, the court determined that plaintiff was not subjected to any groping, aggressive or sexual gestures by defendant DeBacker. Some of DeBacker's comments, customs, and expectations of women were annoying and inappropriate but did not rise to the level of being "severe or pervasive" as required to defeat summary judgment in a sexual harassment case. In addition, the plaintiff failed to establish a *prima facie* case of racial harassment. None of what the plaintiff asserts in her post-judgment motion changes the analysis or the outcome of the court's ruling in this case. She has failed to present any admissible evidence showing a manifest error of law or fact. Because the plaintiff has failed to establish either component of a Rule 59(e) motion, the motion must be denied on the merits.

In addition to seeking an amended judgment, the plaintiff seeks relief from the assessment of costs against her. The inability to pay costs is a proper factor to consider in granting or denying taxable costs, and although costs were awarded as a matter of presumption and Alstom has not yet submitted its Bill of Costs, the court has now considered whether the presumption can be overcome by a showing of plaintiff's indigency. *See Badillo v. Central Steel Wire Co.*, 717 F.3d 1160, 1165 (7th Cir. 1983). The plaintiff has shown that she has no income and has a sufficient amount of debt to be considered indigent for purposes of her ability to pay costs in this action.

Because the plaintiff's motion to alter or amend fails to demonstrate that the resolution of the motion for summary judgment was erroneous, the motion to alter or amend [54] must be **denied in all respects other than her request for relief from the obligation to pay costs, which is granted.**

**IT IS SO ORDERED.**

Date:  _10/04/2011_

Distribution:

David J. Carr,   ICE MILLER LLP
carr@icemiller.com

Cara J. Ottenweller,   ICE MILLER LLP
cara.ottenweller@icemiller.com

Margarita Tribble
1649 Spruce
Terre Haute, IN 47807

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana